VOLUNTEERS OF AMERICA v. SPRING, et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1580. Decided July 20, 1927.

708. LEASES—1. Where descriptive clause in lease refers to buildings and house numbers, and purchase option refers to plat, which plat, although not physically attached, sufficiently identifies property and lessee takes possession of entire premises, purchase option includes land as well as buildings.

2. Where lease for five years is not acknowledged but is later mentioned in recitals in title deeds properly executed, lease and option to purchase contained therein become valid as to lessor and his grantees.

870. OPTIONS—Where lease for five years contains option to purchase and also renewal clause which states rent and says "all other conditions to be the same" renewal of lease carries renewal of option.

Appealed from Common Pleas.
Decree for Plaintiff.
First Publication of this Opinion

ALLREAD, J.

This is an action for specific performance of an option to purchase contained in a lease. The lease was executed by one Jaeger to the plaintiff herein and was dated December 7, 1914. The lease was for a period of five years and renewable at the expiration of said term by written notice provided for. The purchase option is as follows:

"Said party shall have the privilege of purchasing the above described premises (see plat attached) for the sum of $32,500. This lease may be renewed for another term of five years at a monthly rental of $240, all other conditions to be the same, provided notice of such desire to renew is given in writing at least six months before the expiration of this lease."

The written notice required to renew the lease was given by the lessees to Edward C. Turner, who was then the owner of the premises by conveyance from Jaeger. The plaintiff's, within the term of the lease as renewed, took the necessary steps to exercise the option of purchase, and duly tendered the purchase price as provided for in said option.

Turner re-conveyed the property to Jaeger, and Jaeger, on February 10, 1920, conveyed to Fred S. Spring and H. Wirt Acker. On November 14, 1923, Spring and Acker conveyed a part of the premises to the Columbus Federation of Women's Clubs.

The original lease contained the following description of the leased premises.

"That the first party hereby leases unto said second party the premises situated in the city of Columbus, County of Franklin and State of Ohio, known and described as follows, to-wit:

"Being all the buildings located on In-lot No. 113 and barn on rear of In-lot No. 112 except a storeroom known as 129 South Front Street, the above premises are also known as Nos. 131, 133 and 135 South Front Street and 138 S. Scioto St."

The plat referred to in the option clause was produced on trial and contains a draft of the property referred to in the lease and the option of purchase. This plat was not physically attached to the lease at the time of its execution and delivery or at the time of the record thereof. There is, however, no doubt of the indentity of the plat and that it was handed over contemperaneously with the lease, by Jaeger to Major Collins, the representative of the plaintiff. The title deed from Jaeger to Spring and Acker contains a clause excepting all leases and options of purchase now outstanding for all or any part of said real estate. The deed from Turner re-conveying to Jaeger contained a recital excepting the option given by Jaeger to the Volunteers of America. In the conveyance from Spring and Acker of a portion of the premises to the Columbus Federation of Women's Clubs is a recital which makes the conveyance subject to all leases on said premises expiring, etc., and including the lease to the Volunteers of America.

The right of the plaintiffs to enforce the option of purchase is resisted by Spring and Acker and also by the Federation of Women's Clubs.

It is claimed that the lease involved only the buildings and not the real estate itself. We think this claim is without foundation. While the lease itself, in the descriptive clause, refers to the buildings, and also to the premises and the house numbers, yet in the purchase option reference is made to a plat which, with the aid of the lease, sufficiently identifies the property to be purchased. The plat, although not physically attached, may, by virtue of the recital, be considered for the purpose of description and to identify the property. In addition it is undisputed that the plaintiffs took possession, as lessee, not only of the buildings but of the entire premises.

Again it is contended that the lease, not being acknowledged, was valid only from year to year and did not constitute a valid lease for five years, and did not entitle the lessees to a renewal. The unacknowledged written lease is fortified by the lessees' undisputed possession under the lease and by repeated recitals in the title deeds, properly acknowledged and recorded.

Counsel for defendants contended that the option to purchase died with the original lease and was not subject to renewal. The language as to renewal is specific to the effect "all other conditions to be the same." This is broad enough, in our judgment, to include the option to purchase.

We therefore reach the conclusion that the plaintiff is entitled to a decree for specific performance.

Decree accordingly.

(Ferneding and Kunkle, JJ., concur).

Attorneys—Chas. J. Pretzman, W. B. Mc-Leskey and C. M. Voorhees, Columbus, for Volunteers of America; C. B. Breem and Wm. McE. Weldon for Spring and Acker. L. F. Sater, Dora S. Bachman and James M. Schooler, Columbus, for Federation of Women's Clubs.